21-1912-cv
Sudder v. J.P. Morgan Chase Bank

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand twenty-two.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             STEVEN J. MENASHI,
                     *Circuit Judges*.

_____

JEAN MARIE CAROZZA SUDDER,

                 *Plaintiff-Appellant*,

            v.                                                    21-1912-cv

J.P. MORGAN CHASE BANK,

                 *Defendant-Appellee*.[1]

_____

Appearing for Appellant:     Jean Marie Carozza Sudder, pro se, Warwick, N.Y.

Appearing for Appellee:      Brian P. Scibetta, McCalla Raymer Leibert Pierce, LLC (Chong Lim, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Swain, *C.J.*).

---

[1] The Clerk of Court is directed to amend the caption as reflected above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jean Marie Carozza Sudder appeals from the July 1, 2021 judgment of the United States District Court for the Southern District of New York (Swain, *C.J.*), dismissing her claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; New York General Business Law ("NYGBL") § 349; and New York Penal Law ("NYPL") § 170. The district court dismissed the RESPA claim for failure to state a claim, ruled that Sudder could not bring a claim under NYPL § 170 because only prosecutors can file complaints to enforce criminal statutes, and declined to exercise supplemental jurisdiction over the NYGBL § 349 claim because it had dismissed the only federal claim in the action. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), pro se appellants must still comply with Fed. R. App. P. 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Thus, despite affording pro se litigants "some latitude in meeting the rules governing litigation," we "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*

Here, Sudder reiterates allegations from her complaint that she desired to sign the documents her husband signed, that she did not receive copies of the refinance documents, that the bank was using "forged" documents, and that her "civil rights [and] constitutional rights are not frivolous." Her sole legal contention—that her rights are not frivolous—is conclusory and does not challenge the district court's reasoning in dismissing her claims for failure to state a claim. Thus, Sudder has waived any challenge to the district court's decision on appeal because she failed to raise any arguments concerning how the district court erred by dismissing her complaint. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding pro se[.]").

Even if we were to excuse the waiver, the district court did not err in dismissing Sudder's complaint. Under RESPA, when a mortgage loan servicer "receives a qualified written request ["QWR"] from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days" and must "make appropriate corrections in the account of the borrower, including the crediting of any later charges or penalties, and transmit to the borrower a written notification of such correction" within 30 days of receiving the QWR. 12 U.S.C. § 2605(e)(1)(A), (2)(A). Claims under Section 2605 are subject to a three-year statute of limitations. 12 U.S.C. § 2614.

The district court, drawing all reasonable inferences in Sudder's favor, assumed that Sudder discovered the alleged forgery in 2014 because Sudder filed a similar lawsuit in 2014 that was later withdrawn. Putting aside whether Sudder alleged that she made a QWR or whether Chase considered her a borrower under the statute, and even assuming the claim was premised

2

on events that occurred in 2014, Sudder filed her complaint in April 2021. Therefore, her RESPA claim was time-barred by the three-year statute of limitations.

We have considered the remainder of Sudder's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk